UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA JORDAN, et al., | Case No. 2:25-cv-03456-DC-CSK |
| Plaintiffs, | ORDER & FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 1-4) |
| COUNTY OF NEVEDA, et al., | |
| Defendants. | |

Plaintiff Cassandra Jordan is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

## I.      MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00 and $21,640 for a household of two. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous or without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

/ / /

## II.   SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

## III.   DISCUSSION

### A.   Pro Se Plaintiff Cannot Represent Another Individual

Review of the Complaint indicates Plaintiff is seeking to bring this action on behalf of herself, her son, Kean Jordan, "the Estate of Deceased Joint Tenant Timonthy Jordan," and her siblings Timothy Jordan, Tessa Jordan and Paul Jordan. Compl. at 1 (ECF No. 1). Plaintiff may not bring an action on behalf of others because pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also* E.D. Cal. Local Rule 183(a) ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."). As such, the Court will disregard Kean Jordan, "the Estate of Deceased Joint Tenant Timonthy Jordan," Timothy Jordan, Tessa Jordan and Paul Jordan in its review of the Complaint.

### B.   Judicial Immunity

Plaintiff names in the Complaint Defendants Presiding Judge S. Robert Tice-Raskin, Assistant Presiding Judge B. Scott Thomsen, Judge Kelly Babineau, Judge Yvette Durant, Judge, Michael P. Candela, Commissioner Robert J. Brodnik, and Commissioner Jason (John) La Chance. Compl. at 1. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). A court Commissioner is also entitled to judicial immunity. *Razavi v. Traffic Court of Santa Clara Cnty.*, 2019 WL 1676018, at *4 (N.D. Cal. Apr. 17, 2019) (citations omitted). Judicial immunity is an immunity from suit and from an assessment of damages, and applies even when a judge is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial

4

capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

Plaintiff alleges generally the judicial defendants issued an "invalid family law judgment" and engaged in non-judicial acts by tampering with evidence, issuing coerced orders under duress, imposing "involuntary secret receivership without notice/appointment," and "deliberately creat[ing] and enforce[ing [a] 35-year combined scheme of involuntary servitude." Compl. ¶¶ 3, 5-13, 17. The conduct Plaintiff challenges as to these judicial defendants clearly relate to their judicial duties. *See In re Castillo*, 297 F.3d at 947. Therefore, Plaintiff's claims against Defendants Presiding Judge S. Robert Tice-Raskin, Assistant Presiding Judge B. Scott Thomsen, Judge Kelly Babineau, Judge Yvette Durant, Judge, Michael P. Candela, Commissioner Robert J. Brodnik, and Commissioner Jason (John) La Chance should be dismissed based on judicial immunity. *Id.*

### C.　　Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See Compl.* As best as the Court can tell, Plaintiff is seeking to appeal a marriage dissolution judgment and related state court orders concerning asset division during the dissolution of the marriage. Compl. ¶¶ 17-19, 23. Plaintiff's Complaint includes over 200 pages of miscellaneous documents, including various trial and appellate state court filings contesting the dissolution judgment. Although the Complaint raises claims based on federal statutes, including 42 U.S.C. § 1983 and the False Claims Act pursuant 31 U.S.C. § 3729, *et seq.*, this action's central issue is Plaintiff's marriage dissolution proceedings in state court. This Court lacks jurisdiction over Plaintiff's claims concerning family law issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.").

Second, this Court lacks jurisdiction to review final determinations of state court proceedings as they are barred by the *Rooker-Feldman* doctrine. *See Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules"). Here, Plaintiff is contesting the "invalid family law judgment" that deprived Plaintiff "of clear title, possession, and shelter" to the real property held in joint tenancy between Plaintiff and her deceased husband during their marriage. Compl. ¶¶ 3, 16-19. To the extent Plaintiff asserts an exception to the *Rooker-Feldman* doctrine based on extrinsic fraud, Plaintiff has failed to sufficiently

allege any of Defendants' actions prevent her from presenting her claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). Therefore, Plaintiff's action is also barred by the *Rooker-Feldman* doctrine.

### D. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendants. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. Moreover, the judicial defendants are immune from suit, and the Court lacks subject matter jurisdiction over this action.

Because the Complaint is unintelligible, granting leave to amend in this case would not be fruitful. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### E. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that Plaintiff's Complaint lacks subject matter jurisdiction and does not comply with the requirements of Federal Rule of Civil Procedure 8. Based on these deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

**F.      Plaintiff's Miscellaneous Motions**

Plaintiff has also filed a motion to seal the complaint (ECF No. 3) and a motion for leave to e-file (ECF No. 4). In light of the Court's recommendation that this action be dismissed without leave to amend, the Court denies Plaintiff's motions.

**IV.    CONCLUSION**

In accordance with the above, IT IS ORDERED that:

1.      Plaintiff's motion to seal the complaint (ECF No. 3) is DENIED; and

2.      Plaintiff's motion for leave to e-file (ECF No. 4) is DENIED.

Further, based upon the findings above, it is RECOMMENDED that:

1.      Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.      Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 02, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, jord3456.25